IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thomas E. Blackman, Jr., | ) | C/A No. 3:14-4043-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Ms. Stephanie Garrick; South Car. Parole, Pardon & Probations, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Thomas E. Blackman, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights. (ECF No. 2.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.      Factual and Procedural Background**

The Complaint alleges that Plaintiff served approximately fifteen years of a twenty-five year prison sentence and was released on parole in 2001. (ECF No. 1 at 3.) Plaintiff claims that he was wrongfully brought to South Carolina for a parole violation in 2004 and detained for five months. (Id.) Plaintiff alleges that he was again wrongfully detained for a parole violation in 2012 and agreed to serve one year in prison and pay "50.00 a month to get back home." (Id.) Plaintiff claims that his alternative to serving the year in prison would have been incarceration "until parole board could figure out what to do [with] me." (Id.) Plaintiff seeks monetary damages. (Id. at 5.)

II.     Discussion

    A.     **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.  Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff alleges a violation of his constitutional rights by Ms. Stephanie Garrick and the "South Car. Parole, Pardon & Probations."[1]

1.  **Official Capacity Claims**

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.  See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890).  Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself).  While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state,

---

[1] It appears Plaintiff is suing the South Carolina Department of Probation, Parole and Pardon Services, an agency of the State of South Carolina.



neither of those exceptions applies in the instant case.[2]  Therefore, Plaintiff's claims against the state agency defendant are barred by the Eleventh Amendment.  Further, to the extent Plaintiff is seeking damages against Defendant Garrick for actions allegedly taken in an official capacity as a state employee, such claims are likewise subject to summary dismissal.

### 2.     Individual Capacity Claims—Defendant Garrick

Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  556 U.S. 662 at 678-79.  Further, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Id. at 676.  In the instant Complaint, Plaintiff provides no factual allegations against Defendant Garrick and fails to demonstrate that this defendant personally violated Plaintiff's constitutional rights.  Therefore, Defendant Garrick is also entitled to summary dismissal from any individual capacity claims Plaintiff may be asserting.  See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) ("Having failed to allege any personal connection between [the defendants] and any denial of [the plaintiff's] constitutional rights, the action against [them] must fail."); see also Payne v. Lucas, C/A No. 6:12-1904-DCN-KFM, 2013 WL 1010397, at *2 (D.S.C. Feb. 20, 2013) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court.  S.C. Code Ann. § 15-78-20(e).



caption, the complaint is properly dismissed, even under the liberal construction to be given to *pro se* complaints.") (internal quotation marks and citation omitted), adopted by 2013 WL 1010566 (D.S.C. Mar. 14, 2013).

Further, in regard to Plaintiff's 2012 parole revocation, the Complaint indicates that Plaintiff agreed to serve a year on that parole violation rather than wait for the parole board to "figure out what to do with [him]." (ECF No. 1 at 3.) In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Id. at 487. A favorable determination on the merits of Plaintiff's claims in this case would require a finding that the state improperly revoked Plaintiff's parole in 2012. However, Plaintiff has provided no factual allegations to show that he successfully challenged his 2012 parole revocation. Thus, Plaintiff's claims for damages associated with an allegedly unlawful parole revocation are barred by the holding in Heck.³ See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (applying Heck to parole revocation decisions); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (noting preclusive rule of Heck is applicable to parole revocation proceedings); Harris v. Miller, No. 94-7067, 1994 WL 704891, at *1 (4th Cir. Dec. 19, 1994) (same).

---

³ The court notes that Plaintiff has now apparently been released from confinement. See Wilson v. Johnson, 535 F.3d 262, 268 (4th Cir. 2008) (holding that former prisoners are exempt from Heck's favorable termination requirement if, as a practical matter, they could not seek habeas relief). However, Plaintiff provides no facts to demonstrate that habeas relief was unavailable during his period of incarceration. See Bishop v. Cnty. of Macon, 484 F. App'x 753, 754-55 (4th Cir. 2012) (clarifying that the Wilson exception only applies where a plaintiff can show that circumstances beyond his control left him unable to pursue habeas relief).



### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

                                             _____
                                             Paige J. Gossett
                                             UNITED STATES MAGISTRATE JUDGE

December 1, 2014
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).